**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4016

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM NEIL THOMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:13-cr-00009-RLV-DCK-1)

Submitted: April 24, 2018                                          Decided: May 16, 2018

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Neil Thompson pled guilty in 2013 to possessing a firearm as a convicted felon, 18 U.S.C. § 922(g) (2012), and was originally sentenced to 15 years' imprisonment. On remand from this court, Thompson received a 110-month sentence resulting from a two-level upward departure in his total offense level. Thompson appeals.

Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Thompson's prior North Carolina conviction for common law robbery was properly counted as a crime of violence under U.S. Sentencing Guidelines Manual (USSG) § 4B1.2 (2016), and whether his sentence is procedurally and substantively reasonable. Thompson has filed a pro se supplemental brief also claiming that his robbery conviction was improperly counted as a crime of violence because the district court looked to his underlying conduct, in violation of *Shepard v. United States,* 544 U.S. 13 (2005) (limiting sentencing court's inquiry into prior convictions based on guilty pleas).

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors,

2

selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable does this court consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

In reviewing a sentence outside the Guidelines range, this court must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). If a court's deviation from the Guidelines range "is a substantial one, . . . [this court] must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (internal quotation marks omitted). Although an above-Guidelines-range sentence carries no presumption of reasonableness on appeal, "a sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008). A district court is permitted to depart upwardly from the Guidelines range based on the inadequacy of a defendant's criminal history category when "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.

With these standards in mind, we find that Thompson's sentence is procedurally and substantively reasonable. First, the district court properly counted Thompson's prior common law robbery conviction as a predicate offense for sentencing enhancement purposes. *See United States v. Gattis*, 877 F.3d 150, 154-60 (4th Cir. 2017), *cert. denied*, 2018 WL 1278447 (Apr. 16, 2018) (No. 17-8044) (holding that North Carolina common law robbery constitutes "robbery" as enumerated in the amended version of USSG § 4B1.2(a)(2)). Second, we find that the district court's decision to increase Thompson's total offense level by two levels was supported by the record. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Thompson, in writing, of his right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4